# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| Michael Woodruff,<br><br>*Plaintiff,*<br><br>v.<br><br>Robyn Woodruff,<br><br>*Defendant*. | Civil Action Number _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW THE PLAINTIFF IN THE ABOVE-STYLED ACTION and files this, his Complaint for Declaratory Judgment and Injunctive Relief, showing as follows:

1.     This is a suit for declaratory judgment and interlocutory injunctive relief. No exception to the Declaratory Judgment Act, 28 U.S.C. § 2201, applies here, as this is an action to halt or limit proceedings in a concurrent State court action.

2.     Neither the Anti-Injunction Act, 28 U.S.C. § 2283 (interchangeably, the "AIA" and "Code Sec. 2283") nor *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971) apply because, as demonstrated below, the pending civil action in the

Superior Court of Lowndes County has been nothing more than a sham proceeding to deny Plaintiff his rights under State and Federal law, and is in fact part of a pattern of harassment by Defendant and government officials operating under color of State law to deprive Plaintiff of those rights. As such, and as this is a case involving the Civil Rights Act, 42 U.S.C. § 1983, *et seq*., this Court has jurisdiction; as both Mr. and Ms. Woodruff are residents of this District and Division, venue is proper here.

3.      This is an action to halt or limit proceedings in the Superior Court of Lowndes County that, while couched as an action for divorce, have instead been an ongoing, concerted effort between Defendant and officials of the Lowndes County Government – including Superior Court judges, the Clerk of the Court for Lowndes County, and law enforcement officials – to systematically harass, threaten, and seize Plaintiff's property without due process of law and in violation of his civil rights.

4.      Michael and Robyn Woodruff are husband and wife. Defendant's decision to end their marriage is the beginning of the events at issue here.

5.      On October 29, 2015, as part of that divorce proceeding, Defendant sought *ex parte* relief from the Superior Court of Lowndes County. The relief was, first, for an injunction to prevent abuse similar to an event that allegedly occurred two years before. Were the order and the usual state conduct that flows from that sort of order so limited, there would be no need for this action. However, in addition to that relief, Defendant sought and obtained control over Plaintiff's businesses, in

which she was a minority shareholder or not a shareholder at all. The Superior Court of Lowndes County granted that relief in another *ex parte* order (hereinafter, "the Order"), and further ordered Plaintiff not to spend any funds (including the use of credit cards), even to pay for his own counsel. *See* Exhibit A, attached hereto.

6.     More particularly, the Order purported to (1) remove Plaintiff from his home; (2) deny Plaintiff access to his personal effects, medications, and personal hygiene products; (3) confiscate Plaintiff's truck, which has since been operated by the parties' adult son; (4) terminate Plaintiff's ability to access any funds from any bank accounts, including business, personal and retirement accounts; (5) prevent Plaintiff from being able to have access to his personal and business belongings including his computer, printer, personal files and business files further preventing him to even be able to do research and or to start prepare pleadings; (6) prevent and/or terminate Plaintiff's ability to consult with his personal and business attorney; (7) prevent and/or terminate Plaintiff's ability to consult with his own personal and business accountant; (8) prohibit Plaintiff from conducting any business on behalf of the three (3) companies that he owns: Wooden Nickel Pub, LLC ("Wooden Nickel Pub"); The Wooden Nickel Holding Company, LLC (the "Holding Company"); and NationsLink Communications, Inc. ("NationsLink"); (9) grant Defendant the sole authority to manage and operate the business, leaving Plaintiff unable even to run his businesses, even though Defendant is only a minority member of Wooden Nickel

Pub, and has no ownership interest in the Holding Company or NationsLink – the effect of which was to rewrite effectively rewriting the operating agreements and corporate by-laws of these companies to deprive Plaintiff of his interest and grant control to Defendant without due process, effectively creating an illegal receivership. Nowhere in her pleadings does Defendant seek this corporate relief; it appears to have been decided entirely *ex parte* by Defendant's counsel and Judge McDaniel.

7.    These actions were undertaken without a hearing or any chance for Plaintiff to defend his rights to his property. Indeed, the *ex parte* orders here at issue were filed *before* the complaint for divorce; and then new copies of each – the complaint and the order – were subsequently filed in the record of the Clerk of Court, with the prior copies removed from the record. *See* Exhibit B, attached hereto. In a similar fashion, Defendant filed a Notice of Lis Pendens related to the same filing; two more, identical Notices were subsequently filed, and purged from the record. *See* Exhibit C, attached hereto. Much as with the *ex parte* order described above, the Order itself has seen numerous, identical incarnations: One was filed on October 29, 2015, at 12:17 p.m. *See* Exhibit D; a second one was filed on October 29, 2015 at 12:19 p.m. *See* Exhibit E; and a third was filed on October 29, 2015 at 12:41PM *See* Exhibit F. The earlier Orders appear to have been removed from the Docket maintained by the Lowndes County Clerk's office.

8.    In sum, the Superior Court of Lowndes County stripped Plaintiff of everything he had or had ever had, denied him the ability to defend himself by hiring counsel, and rearranged its own docket to cover at least some of its misdeeds, all without notice, hearing, or a chance to present evidence or argument.[1]

9.    Remarkably, this violation of Plaintiff's rights under color of law was not the end of the events at issue here. Defendant once again sought and obtained *ex parte* relief from the Superior Court of Lowndes County at a hearing held (and taken down in part) on November 11, 2015. At that hearing, Defendant's counsel and the then-presiding judge, Judge McDaniel, discussed selecting a new judge and possible recusal by Judge McDaniel. At that same hearing, again without notice to Plaintiff, Judge McDaniel awarded Defendant $3,500.00 monthly to Petitioner for alimony without any articulated basis.

10.    Perhaps realizing that matters had gotten out of hand, after Plaintiff hired counsel (who immediately filed for recusal), the Chief Judge of the Southern Judicial Circuit signed an order purporting to recuse all judges of the Circuit from that case. It appears that the Chief Judge provided an advance copy to Defendant's then-counsel before entering it; Plaintiff's divorce counsel only received the order

---

[1] Indeed, the Superior Court of Lowndes County *still* cannot get its version of events in order: The judge who allegedly signed the Order was neither presiding nor in Court on the day on which the Order was allegedly signed, and in subsequent Orders, has affirmed that he signed the Order at a hearing on Friday, October 29, 2015. October 29, 2015, was a Thursday. *See* Exhibit G.

by mail many days later. Nevertheless, in the related temporary protective order matter, Judge McDaniel denied the pending recusal order.[2]

11.    As the Order allegedly lasts until a temporary hearing can be held, it is notable that the Superior Court of Lowndes County has not set a temporary until this week, nearly one year after the beginning of the events at issue; and in fact, has continued at least one temporary hearing (set *ex parte*), all of which functionally leaves Defendant in control of Plaintiff's property without due process.

12.    Furthermore, based on the information Plaintiff has been able to glean, Defendant has mismanaged the businesses, incurring tax liability (for example, by classifying full-time employees as 1099 subcontractors), using corporate funds for personal use (shopping, makeup, etc.), and accruing significant credit card debt in the companies' names without making payments on the same.

13.    When Plaintiff's divorce counsel sought to examine the records of the business, he served a request to do so under the Georgia Civil Practice Act, and arranged to have police present for the same. Plaintiff's counsel received a call from the Lowndes County sheriff's office threatening to arrest Plaintiff if he attempted to review the records (and retrieve his personal belongings); through a subsequent Open Records Request, Plaintiff discovered that the same officer who had made the

---

[2] Because of flaws in the recusal process itself, the case has changed hands more than once, and there is a new motion for recusal.

threat had coordinated with Defendant's counsel ahead of the call, recorded the call, and forwarded the same to Judge McDaniel.[3] As of this date, Plaintiff still has not been allowed to recover his personal effects, nor to even discern the state of his businesses, other than records he receives from credit card companies and secondhand information he has received. No motion he has filed to compel discovery has even been heard.[4]

14. Following on the Order, Defendant's counsel has sought contempt against Plaintiff for using credit card and equivalent monies to pay for his divorce counsel, and has fought to maintain the illegal Order in place. The only action taken by the Superior Court of Lowndes County to date has been to re-affirm the Order subject to a purported temporary hearing. In other words, after depriving Plaintiff of his property and his right to counsel, Defendant has used the Superior Court – and the Superior Court has allowed itself to be used – as a weapon to destroy Plaintiff, to steal his property, to deprive him of his civil rights under color of law, to threaten

---

[3] In a twist that should surprise no one by this point, the Clerk's office has refused Open Records Requests related to the improprieties here, thus depriving Plaintiff of his ability to seek redress from his government, in violation of the First Amendment to the United States Constitution. Plaintiff has only learned of some of these events because of compliance by other departments, including the Lowndes County Sheriff's Office.

[4] A similar turn of events followed with attempts to depose Plaintiff and her prior counsel. Initially, law enforcement promised to be present for the depositions, and then unilaterally refused to provide officers without a court order. Plaintiff, her prior counsel, and her current counsel have all refused to take part in the discovery process, without sanction from the Court.

him with imprisonment, and to seek retribution against him for efforts to defend himself in the divorce case she herself filed.

15. The matter is set down for a hearing tomorrow. While Defendant's contempt motions are not noticed for hearing, the Superior Court has shown every willingness to indulge every whim Defendant might have and to threaten and harass Plaintiff at every stage of this litigation. Plaintiff therefore prays for an order by this Court restraining any attempt by Defendant to have the Superior Court of Lowndes enforce the subject Order, and any attempt to hold Plaintiff in contempt or seize any more of his property.

16. Mr. Woodruff is therefore in reasonable apprehension of his safety and freedom at the hearing (the latest event in a case that has been used to harass and deprive him of his civil rights) for exercising his constitutional right to obtain counsel.

## COUNT I: DECLARATORY JUDGMENT

17. There is a controversy between the Parties as to the Order obtained *ex parte*. The Supreme Court has ruled that what essentially amounts to a complete seizure of a party's assets, denying him the right to counsel, violates his due process and Sixth Amendment rights. Defendant nevertheless claims that the Superior Court of Lowndes County may enforce this Order and undertake criminal process against Plaintiff for violating it.

18. The functional effect of Defendant's position is to say that any sufficiently-connected party or attorney may seek an order *ex parte* from a Court, before an action is even formally filed, seizing property and destroying the opposing party's ability to defend himself in Court without fear of being imprisoned for the act of hiring counsel to defend him.

19. This reading is contrary to the Sixth and Fourteenth Amendments to the United States Constitution, and to basic notions of justice and fairness in our courts. It is an invitation to "home cooking" of the very worst sort and taints not merely the appearance but the fact of propriety in the administration of justice.

20. Mr. Woodruff is therefore entitled to a declaratory judgment that Defendant cannot seek to enforce the Order in any way until such time as it is vacated or reversed.

## COUNT II: INJUNCTIVE RELIEF

21. Defendant and the judicial/executive power of Lowndes County have conspired to deprive Plaintiff of his rights, his property, and his freedom under color of law, all based on behavior performed *ex parte* or illegally. To this end, they have engaged in a pattern of legal abuse that shocks the conscience, using legal process as a means to systematically strip Plaintiff of his rights without any opportunity to be heard in Court. Plaintiff is entitled to interlocutory injunctive relief, preventing

Defendant from enforcing the Order or acquiescing in the same until the Order is vacated or reversed.

22. Plaintiff is entitled to injunctive relief as the Order and its enforcement illegally serve to deprive him of his rights under color of law.

23. Plaintiff is entitled to injunctive relief because he faces irreparable harm, both financially and judicially, should Defendant be allowed to seek enforcement or acquiesce in enforcement of the same.

24. Plaintiff is entitled to injunctive relief because the Order, as applied, violates the United States Constitution.

25. Plaintiff faces grave, imminent, and irreparable harm should the interlocutory relief for which he prays not be granted.

26. Defendant faces no harm resulting from an inability to use, once again, the Superior Court of Lowndes County to undertake unconstitutional acts on Plaintiff.

27. The balance of equities clearly lies with Plaintiff.

28. The public policy of the United States discourages federal intervention in State court cases *except* to vindicate the District Court's jurisdiction and prevent a pattern of unconstitutional abuse from continuing under color of state law. Here, the public policy of the United States favors intervention.

29. As such, Plaintiff is entitled to, and prays for temporary and interlocutory injunctive relief to prevent the enforcement of the illegal Order.

WHEREFORE, THE PLAINTIFF, MICHAEL WOODRUFF, prays for judgment in his favor, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 6th day of October, 2016.

_____
Christopher Scott Badeaux
Georgia Bar No. 030769
The Badeaux Law Firm, LLC
1400 Marketplace Blvd., Suite 112
Cumming, Georgia 30041
(404) 919-3139
christopher.badeaux@badeauxlawfirm.com